BANKERS CASUALTY CO. v. RICHLAND CO. BANKING CO. ET AL.

:No RECOVERY OF PREMIUM CAN BE HAD BY UNLICENSED FOREIGN INSURANCE COMPANIES.

> A foreign insurance company, not complying with Sec. 3656 Rev. Stat., requiring a license to be issued to do business within this state, having evaded this requirement by issuing policies outside of the state on property located in this state, cannot prosecute an action in this state for the recovery of premiums on such policies; but it may maintain an action therefor within the jurisdiction of the state within which the insurance was issued, jurisdiction having been obtained therein over the person of the policy holder.

[Syllabus approved by the court.]

Casualty Co. v. Banking Co.

ERROR to Richland common pleas court.

**Kerr & LaDow,** for plaintiff in error:

Cited and commented upon the following authorities. *Lamb* v. *Bowser,* 7 Bis. 315 [14 Fed. Cas. 980] ; *Jackson* v. *State,* 50 Ala. 141; *Marine Ins. Co.* v. *Railway,* 41 Fed. Rep. 643 ; *New Orleans* v. *Insurance Co.* 33 La. Ann. 10; *Insurance Co.* v. *Simons,* 96 Pa. St. 520; 1 May, Insurance 109, 110, Secs. 66, 66a ; *State* v. *Mullin,* 78 Ohio St. 358 [85 N. E. Rep. 556; 18 L. R. A. (N. S.) 609; 125 Am. St. Rep. 710] ; *State* v. *Ackerman,* 51 Ohio St. 163 [37 N. E. Rep. 828; 24 L. R. A. 298] ; *Pennypacker* v. *Insurance Co.* 80 Iowa 56 [45 N. W. Rep. 408; 8 L. R. A. 236; 20 Am. St. Rep. 395] ; *Clay Fire, etc., Ins. Co.* v. *Salt Co.* 31 Mich. 346; *Union Mut. L. Ins. Co.* v. *McMillen,* 24 Ohio St. 67, 79 ; *Manhattan Ins. Co.* v. *Ellis,* 32 Ohio St. 388, 396; *Berry* v. *Indemnity Co.* 46 Fed. Rep. 439. 442; *Behler* v. *Insurance Co.* 68 Ind. 347; *Ehrman* v. *Insurance Co.* 1 McCrary Rep. 123; 1 Joyce, Insurance 417, Sec. 332; *Allgeyey* v. *Louisiana,* 165 U. S. 578 [17 Sup. Ct. Rep. 427; 41 L. Ed. 832] ; 1 Joyce, Insurance 225, Sec. 163; *Crown Point Iron Co.* v. *Insurance Co.* 127 N. Y. 608, 615 [28 N. E. Rep. 653; 14 L. R. A. 147].

**Cummings, McBride & Wolfe,** for defendant in error.

**DONAHUE, J.**

The question in this case is whether the Bankers Mutual Casualty Company, plaintiff in error, is entitled to prosecute an action for the recovery of premiums in the courts of this state, it not having complied with the laws of Ohio in respect to obtaining a license to do business within the state (Sec. 3656 Rev. Stat.).

This policy of insurance was issued by the casualty company, in the city of Detroit, insuring property within the state of Ohio. The premiums on this policy of insurance not having been paid, an action was brought in the courts of Richland county to recover the same.

Upon the trial in the court of common pleas, on the issues made in the pleadings, the plaintiff sought to introduce certain testimony which was objected to on the ground that the plaintiff was not entitled to do business in the state. The court sustained the objection and plaintiff excepted. The court refused to allow the introduction of any other evidence and directed the jury to return a verdict for the defendant.

The general law in force at the time, and the statutes subsequently enacted, prohibited this class of insurance from prosecuting business within the state until the company shall have obtained a license to do so.

Richland County.

The courts cannot inquire as to the justness or equity of this requirement. If companies are not permitted to transact business within the state, and by the evasion of issuing the policy outside of the state the courts within the state should enforce these contracts, it would nullify all legislation on the subject. The purpose of the courts is to enforce contracts, but not to nullify properly enacted laws of the state. This policy was not void, nor was the liability of the defendant in any way determined by the action of the court. The policy could be enforced within the jurisdiction of the state where the same was issued, if issued according to law. The premium could be collected within the jurisdiction of the state in which the policy was issued, provided jurisdiction of the person was had. The mere fact that the jurisdiction of the person is difficult to secure is not material.

Finding no error in this record to the prejudice of the plaintiff in error, the judgment is affirmed with the costs without penalty and the cause remanded.

**McCarthy** and **Taggart, JJ.,** concur.